**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WENDELL LAMONT WILLIAMS,

    Defendant-Appellant.

No. 97-6247
(D.C. No. CIV-97-599-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Wendell Lamont Williams appeals the district court's denial of his motion to vacate, set aside or correct his sentence, brought pursuant to 28 U.S.C. § 2255. Because defendant has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal.

In February 1994, pursuant to a plea agreement, defendant pled guilty to one count of conspiracy to distribute crack cocaine in exchange for dismissal of the remaining counts of a superseding indictment. He was sentenced to 360 months' incarceration, based on coconspirator testimony linking him to the distribution of ninety-four ounces of cocaine base; evidence of his managerial role in the conspiracy; and his failure to take responsibility for his conduct. Defendant did not appeal.

On April 21, 1997, defendant filed his § 2255 motion, alleging his attorney was ineffective in failing to object to the amount of cocaine attributed to him, to his designation as a manager, and to the finding that he did not take responsibility for his conduct. The district court denied the motion, finding that counsel's decision not to object was neither deficient nor prejudicial. This appeal followed.

Before maintaining this appeal, defendant must obtain a certificate of appealability by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant's claim of ineffective assistance does

not meet this burden.  To show his attorney was ineffective in failing to object to the factors used in calculating his sentence, defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial.  See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  Defendant has not shown either deficient performance or prejudice.

The record makes clear that defendant's attorney considered challenging the amount of cocaine attributable to defendant but made a tactical decision not to do so.  See R. I, Plea Hearing Tr. dated Feb. 14, 1994, at 11.  Further, defendant has not presented any evidence demonstrating that less than ninety-four ounces were involved.  The court's findings that defendant took a managerial role and that he had not accepted responsibility are supported by the record, and defendant has not shown how an objection would have been successful.  Finally, in light of counsel's stated strategy of obtaining a sentence reduction based on defendant's future cooperation, defendant has not shown the decision to refrain from objecting to the sentencing factors was anything but tactical.

We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume that "under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. 668, 689 (1984) (quotations omitted).  Absent

evidence overcoming this presumption of effective representation, we deny defendant's application for a certificate of appealability.

The appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge